UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>STAVROS PAPANTONIADIS<br>   a/k/a "Steve Papantoniadis,"<br><br>   Defendant | Criminal No. 24-10084-AK |

## GOVERNMENT'S SENTENCING MEMORANDUM

The United States of America, by Leah B. Foley, United States Attorney, and Brian A. Fogerty and Timothy E. Moran, Assistant United States Attorneys for the District of Massachusetts, submits this sentencing memorandum in support of the parties' agreement under Fed. R. Crim. P. 11(c)(1)(C). ECF No. 56. Defendant Stavros Papantoniadis has pleaded guilty to a one-count superseding information charging False Statements, in violation of 18 U.S.C. § 1001(a)(2). This charge arises from the defendant's efforts to obtain a half-million-dollar loan from the federal government on behalf of a business he did not own or operate at the time. Against the backdrop of his existing 102-month prison sentence, and his relatively prompt acceptance of responsibility, the government supports the parties' joint recommendation that the Court sentence Papantoniadis to serve 24 months in prison—with 6-months to run consecutive to his current term of incarceration— and pay restitution to the United States Small Business Administration.

### Background

#### I. The Forced Labor Case

On March 16, 2023, Homeland Security Investigations agents arrested Papantoniadis, pursuant to a criminal complaint charging him with Forced Labor in violation of 18 U.S.C. §

1589(a). Later, a grand jury returned a 7-count indictment charging Papantoniadis with 4 counts of Forced Labor and 3 counts of Attempted Forced Labor. These charges arose from Papantoniadis' years-long course of conduct, during which he forced undocumented foreign national employees to work in his pizza shops through violence, threats of violence, and unlawful threats to deport employees if they did not continue working for him. *See* Case No. 23-10089-FDS, ECF Nos. 1, 17.

Between May 28, 2024, and June 7, 2024, the Honorable F. Dennis Saylor presided over a jury trial in the Forced Labor case. At the conclusion, the jury returned guilty verdicts on 6 of 7 counts in the indictment. Case No. 23-10089-FDS, ECF No. 133.

On October 25, 2024, Judge Saylor sentenced Papantoniadis to serve 102 months in prison, followed by 1 year of supervised release, and ordered him to pay a $35,000 fine and restitution to the 6 victims who were the bases for the counts of conviction. Case No. 23-10089-FDS, ECF No. 178, 189.

## II. The SBA Fraud Case

In the Fall of 2021, Papantoniadis applied for a U.S. Small Business Administration ("SBA) loan through the Economic Injury Disaster Loan ("EIDL") program. ECF No. 56 at 7–9 (Factual Basis for Plea). These loans were designed to assist then-existing small businesses weather the storm of the COVID-19 pandemic. ECF No. 56 at 7–8. However, Papantoniadis applied for the loan on behalf of a business he did not own. ECF No. 56 at 8. In the process, he falsely represented both his ownership interest and the number of employees he employed. *Id.* Based on these lies, the SBA approved the loan in the amount of $500,000, and paid Papantoniadis. ECF No. 56 at 9.

On April 9, 2024, a grand jury returned a 2-count indictment charging Papantoniadis with Wire Fraud, in violation of 18 U.S.C. § 1343, for his fraudulent submissions to SBA to obtain the loan. ECF No. 1. On February 25, 2025, Papantoniadis pleaded guilty to a superseding information, charging 1 count of False Statements, in violation of 18 U.S.C. § 1001(a)(2). Under the Rule 11(c)(1)(C) plea agreement, Papantoniadis and the government agreed to a sentencing guideline calculation and a joint sentencing recommendation. ECF No. 56.

## Sentencing Guideline Calculation

The parties' plea agreement contains the following stipulated guideline calculation, which is based on the parties' agreement regarding the actual loss to the SBA. Although Probation has calculated a higher offense level based on intended loss, the government stands by the agreed-upon guideline calculation:

> Base Offense Level: 6 (U.S.S.G. § 2B1.1(a)(1))
> Specific Offense Characteristic: + 12 (U.S.S.G. § 2B1.1(b)(1)(G))
> Acceptance of Responsibility: -3 (U.S.S.G. § 3E1.1)

Probation has properly calculated Papantoniadis' criminal history score. Based on his conviction in the Forced Labor case, Papantoniadis falls within Criminal History Category II. Therefore, according to the parties' stipulation, the applicable sentencing guideline range is 21-27 months.

## Argument

**I.     The Court should impose the sentence the parties jointly recommend.**

The government respectfully requests that the Court accept the parties' agreement, pursuant to Rule 11(c)(1)(C), and sentence the defendant consistent with the terms therein. The joint recommendation is the product of a thoughtful and careful analysis of the facts of the case and the defendant's particular circumstances, including the recently imposed sentence of 102

months in prison in the Forced Labor case. These facts and considerations are consistent with the sentencing factors under 18 U.S.C. § 3553(a).

As a threshold matter, the government agrees the that the defendant's existing 102-month sentence provides context for the recommendation in this case. The defendant is correct in acknowledging that notwithstanding the sentenced imposed in this case, he already faces a substantial custodial sentence for his other crimes. *See* 18 U.S.C. §§ 3553(a)(1) and (a)(2)(C) (requiring the Court to consider the history and characteristics of the defendant and the need to protect the public from further crimes of the defendant).

However, the undischarged sentence is just the backdrop. There still must be a penalty for the defendant's criminal conduct in this case. Here, the parties' joint recommendation provides the appropriate penalty:

First, the recommended sentence accounts for the nature and circumstances of the offense and reflects its seriousness and the need to promote respect for the law. *See* 18 U.S.C. §§ 3553(a)(1) and (a)(2)(A). The defendant's crime was not a mere oversight. He lied to the federal government to obtain $500,000. He did this by purporting to apply for a loan on behalf of a business he did not own. Putting aside his motives, he abused a federal program that was designed to help struggling, existing businesses. His crime was serious. And the jointly recommended sentence, which is squarely within the applicable sentencing guideline range (as agreed by the parties), punishes it appropriately. Indeed, the custodial portion of the sentence takes into account the specific circumstances of this defendant, striking the appropriate balance between concurrent and consecutive time in light of the undischarged Forced Labor sentence.

Second, the agreed upon sentence sends an important message of deterrence to others who may contemplate abusing federal loan programs. *See* 18 U.S.C. § 3553(a)(2)(B). Deterring fraud

4

is critical to ensuring that programs designed to help struggling small business owners are not raided by ineligible applicants. The sentence the parties request will help deter others who may believe there is no risk associated with submitting false statements to federal agencies.

Third, the recommended sentence accounts for the defendant's relatively prompt acceptance of responsibility and the need for full restitution to the victim agency. *See* 18 U.S.C. § 3553(a)(7) (requiring the Court to consider the need to provide restitution to any victims of the offense). Here, the defendant pleaded guilty less than a year after indictment—a period that also included a jury trial in the Forced Labor case. The agreement also requires the defendant to repay the outstanding principal and interest on the loan he obtained by submitting false statement. This aspect is important for addressing the harm to the victim agency.

## Conclusion

For the foregoing reasons, the government respectfully requests that the Court accept the plea agreement and sentence the defendant to the jointly recommended sentence described therein.

Respectfully submitted,

LEAH B. FOLEY
United States Attorney

By:   /s/ Brian A. Fogerty
BRIAN A. FOGERTY
Assistant United States Attorney

**CERTIFICATE OF SERVICE**

      I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants .

                /s/ Brian A. Fogerty
                BRIAN A. FOGERTY
                Assistant United States Attorney

Date: March 27, 2025